IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bridget Burns-Diarrassouba, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| Harris & Harris, Ltd.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Bridget Burns-Diarrassouba, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Bridget Burns-Diarrassouba ("Plaintiff"), is an adult individual residing in Chicago, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Harris & Harris, Ltd. ("Harris & Harris"), is a Massachusetts business entity with an address of 111 W. Jackson Blvd., Suite 400, Chicago, Illinois 60604, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Harris &

Case: 1:20-cv-06411 Document #: 1 Filed: 10/29/20 Page 2 of 4 PageID #:2

Harris and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Harris & Harris at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Harris & Harris for collection, or Harris & Harris was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Harris & Harris Engages in Harassment and Abusive Tactics**

12. Beginning in or around June 2020, Harris & Harris contacted Plaintiff in an attempt to collect the Debt.

13. Plaintiff identified herself by name, but refused to provide Harris & Harris with her date of birth or social security number.

14. Plaintiff informed Harris & Harris that her mother just passed away from COVID-19 and requested that all calls cease as it was an inconvenient time.

15. Plaintiff has had the same conversation with Harris & Harris several times.

16. Nevertheless, Harris & Harris continued to harass Plaintiff in an attempt to collect the Debt knowing that it was an inconvenient time and knowing that Plaintiff refused to verify

her personal information.

**C. <u>Plaintiff Suffered Actual Damages</u>**

17. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**<u>COUNT I</u>**
**<u>VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692,</u> *et seq.***

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' communicated with Plaintiff at a time or place known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

22. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 29, 2020

                                                    Respectfully submitted,

                                                    By /s/ Sergei Lemberg

                                                    Sergei Lemberg, Esq.
                                                    LEMBERG LAW, L.L.C.
                                                    43 Danbury Road, 3rd Floor
                                                    Wilton, CT 06897
                                                    Telephone: (203) 653-2250
                                                    Facsimile: (203) 653-3424
                                                    Attorney for Plaintiff